UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ERIC D. PERRY, | No. 15-cv-3525 LB |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF Nos. 1, 3] |
| DISTRICT ATTORNEY REBECCA WISE; JEFF ROSEN, | |
| Respondents. | |

Eric D. Perry, an inmate at the Santa Clara County Jail, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a very recent conviction from the Santa Clara County Superior Court. He consented to proceed before a magistrate judge. (ECF No. 1 at 7.)[1] This order dismisses the action without prejudice to Mr. Perry's filing a new action after he exhausts state court remedies.

According to his petition, Mr. Perry was convicted in Santa Clara County Superior Court of several crimes, including assault with force likely to produce great bodily injury, and was sentenced on July 15, 2015 to four years in prison. (ECF No. 1 at 1-2.) It does not appear that Mr. Perry has filed an appeal yet. He mailed his federal habeas petition to this court just ten days after being sentenced, leaving no time for an appeal to have been briefed and a decision issued by the California

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-3525 LB
ORDER

Court of Appeal.[2]  Mr. Perry did not file a habeas petition or a petition for review in the California Supreme Court in 2015.  (*See id.* at 2.)

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The exhaustion rule requires that a prisoner in state custody who wishes to challenge his state court conviction in federal habeas proceedings must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).  Although the exhaustion requirement is a matter of comity rather than jurisdictional, the court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1)(A); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

The district court must dismiss a petition containing only unexhausted claims. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir 2006); *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).  The court does not have the authority to grant a stay for a petitioner to return to state court to exhaust his state court remedies when the federal petition contains only unexhausted claims.

---

[2] Mr. Perry alleged that his appeal was "denied" by the California Court of Appeal in 2015, but he apparently was referring to the denial of his habeas petition by the California Court of Appeal on July 9, 2015. (ECF No. 1 at 11.)  The California courts' website for appellate case information, www.appellatecases.courtinfo.ca.gov, shows no direct appeal filed by Mr. Perry in the California Court of Appeal and no petition for review filed by Mr. Perry in the California Supreme Court in 2015.

1  *See Rose v. Lundy*, 455 U.S. at 510; *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009) (stay under *Rhines v. Weber*, 544 U.S. 269 (2005), only available for a mixed petition).

The information in the petition discloses that Mr. Perry's petition is a fully unexhausted petition. That is, state court remedies have not been exhausted for any of his claims exhausted because he has not given the California Supreme Court a fair opportunity to rule on any of them. The court cannot stay a fully unexhausted petition to allow the petitioner to exhaust, and must instead dismiss it.

This action is DISMISSED without prejudice to Mr. Perry's filing a new action after he exhausts state court remedies as to each claim contained in his new petition. Once he exhausts his state court remedies, Mr. Perry is cautioned *not* to file an amended petition in this action and not to use the case number for this action because this action is being closed today. When he files a new petition, he should put no case number on the first page, and should submit it with the $5.00 filing fee or a completed *in forma pauperis* application. At that time, the court will give the new petition a new case number. Mr. Perry is urged to act diligently to exhaust his state court remedies and to file his new federal habeas petition after he receives a decision from the California Supreme Court to avoid running afoul of the one-year statute of limitations on the filing of federal habeas petitions, 28 U.S.C. § 2244(d).

Mr. Perry's *in forma pauperis* application is DENIED because he has sufficient funds in his inmate trust account to pay the filing fee. (ECF No. 3.) No later than **October 31, 2015**, Mr. Perry must pay the $5.00 filing fee.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge